# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **DAVID GALICIA TLATELPA,**<br>**Petitioner,**<br>**v.**<br><br>**SENIOR WARDEN, ADELANTO DETENTION FACILITY, et al.,**<br>**Respondents.** | **NO. 5:26-cv-03152-MCS-KS**<br><br>**ORDER RE: FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE** |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all of the records herein, the submissions filed by the parties, and the Report and Recommendation of United States Magistrate Judge ("Report"). The time for filing Objections to the Report has passed and no Objections were filed. Having completed its review, the Court accepts the findings and recommendations set forth in the Report, except with respect to the recommended relief, on which the Court respectfully disagrees with the Magistrate Judge in part.

In addition to release from custody and relief attendant thereto, the Magistrate Judge recommends "enjoining Respondents from re-detaining Petitioner without notice and a meaningful opportunity to be heard before a neutral decisionmaker." (Report 6, ECF No. 17.) The factual allegations presented in the petition pertain to Petitioner's claims that Respondents wrongfully detained him without adequate process; the arguments have no bearing on Respondents' anticipated supervision or handling of Petitioner *after* his release from custody. (*See* Am. Pet. 3–10, ECF No. 15.) The Court will not grant habeas relief based on speculation about what might happen after Petitioner is released. *See, e.g.*, *Baca Garcia v. Warden*, No.

2:26-cv-00998-CAS-JDE, 2026 U.S. Dist. LEXIS 35758, at *6–7 (C.D. Cal. Feb. 20, 2026) ("[T]he fact that Petitioner is subject to re-arrest and re-detention that may violate due process or statutory authority is too speculative and hypothetical to give rise to a threat of injury sufficient to satisfy Article III standing. Petitioner does not demonstrate that his re-detention is more than speculative, and the Court cannot adjudicate a hypothetical future injury without a factual record." (citation omitted)); *Mora Gutierrez v. Noem*, No. 26-cv-112-RSH-JLB, 2026 U.S. Dist. LEXIS 9272, at *4–5 (S.D. Cal. Jan. 16, 2026) (declining to issue "a permanent injunction regulating the terms under which Petitioner may be detained in the future" because such an injunction would "exceed[] the scope of relief available to Petitioner on his habeas petition"). Of course, due process may demand that Petitioner receive a pre-detention hearing before any re-detention, but the Court will limit the judgment here to the issues presented in this proceeding.

Accordingly, IT IS ORDERED that: (1) Judgment shall be entered granting the Petition; (2) a writ of habeas corpus shall issue requiring Petitioner's immediate release under the same conditions that were in place before his detention on April 28, 2026, and requiring the return of all of his property, including all identification and immigration documentation; and (3) Respondents shall file a notice within three (3) days of the Court's order confirming Petitioner's release.

DATED: November 5, 2026

Mark C. Scarsi

MARK C. SCARSI
UNITED STATES DISTRICT JUDGE